**KING & SPALDING LLP**
ARWEN R. JOHNSON (SBN 247583)
 arwen.johnson@kslaw.com
KELLY PERIGOE (SBN 268872)
 kperigoe@kslaw.com
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RENZIE WILSON PRICE,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX CORP., *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00627-JAK-PD<br>*The Honorable John A. Kronstadt*<br>Courtroom: 10B<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY IN OPPOSITION TO MOTION TO DISMISS AND PLAINTIFF'S NOTICE OF CONSTITUTIONAL CHALLENGE**<br><br>**[Second Declaration of Arwen R. Johnson filed concurrently herewith]**<br><br>Date:      July 25, 2022<br>Time:     8:30 a.m.<br>Judge:    Hon. John A. Kronstadt<br><br>Action Filed: November 12, 2021<br>Trial Date:    Not Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 25, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable John A. Kronstadt of the above-entitled Court, located at United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 10B, Defendants Netflix, Inc. (erroneously sued as Netflix Corp.), Michael B. Jordan, Carol Barbee, Dennis Liu, Jason Piperberg, Charles D. King, Kim Roth, Poppy Hanks, Kenny Goodman, Outlier Society, LLC (erroneously sued as Outlier Society Production Co.), and MACRO Media LLC (collectively, "Defendants") will and hereby do move the Court to strike Plaintiff's Surreply in Opposition to Defendants' Motion to Dismiss and Plaintiff's Notice of Constitutional Challenge. The grounds for the Motion are that Plaintiff's surreply is procedurally improper because it is unauthorized and largely rehashes arguments that were already presented in Plaintiff's Opposition to Defendants' Motion to Dismiss. To the extent Plaintiff moves for leave to file a notice of constitutional challenge, the Motion should also be stricken because Plaintiff made no mention of such a constitutional challenge in his operative First Amended Complaint ("FAC") or the proposed Second Amended Complaint ("SAC").

This Motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the accompanying Second Declaration of Arwen R. Johnson ("Second Johnson Decl.") in support thereof, the pleadings and records on file in this case, all matters of which the Court may take judicial notice, and such other or further material as may be presented at or before the hearing on the Motion. This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred on April 5, 2022. (Second Johnson Decl., ¶ 2.)

| | | |
|---|---|---|
| 1 | DATED:  April 12, 2022 | KING & SPALDING LLP |
| 2 | | ARWEN R. JOHNSON |
| 3 | | KELLY PERIGOE |

*/s/ Arwen R. Johnson*
ARWEN R. JOHNSON

Attorneys for Defendants

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants move to strike Plaintiff's surreply in opposition to Defendants' motion to dismiss (ECF No. 51). A "surreply" constitutes an "additional reply to a motion filed after the motion has already been fully briefed." *Thomas v. Wilkinson*, No. 1:15-cv-00527-LJO-GSA-PC, 2017 WL 262062, at *1 (E.D. Cal. Jan. 18, 2017). Plaintiff's "reply" satisfies that standard, given that it was filed in opposition to Defendants' pending motion to dismiss—the briefing of which was completed on March 31, 2022. *Cf. id.* ("Plaintiff's opposition to defendant Tehrani's reply is a surreply because it was filed . . . after defendant Tehrani's motion to dismiss was fully briefed.").

Filing a surreply is procedurally improper where, as here, Plaintiff did not receive permission from this Court. "Neither the Local Rules nor the Federal Rules provide the right to file a surreply." *Id.* District courts have discretion to authorize the filing of a surreply, but "this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CV F05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Gal. 2005)).

Plaintiff's surreply fails to satisfy that standard. Plaintiff did not request leave from this Court to file the otherwise unauthorized surreply. *Cf. Beatbox Music Pty., Ltd. v. Labrador Entm't, Inc.*, No. CV-17-6108-MWF (JPRx), 2020 WL 6468447, at *10 (C.D. Cal. July 17, 2020) (parties "should not have filed the . . . Surreply without a prior written order of the Court"); *Phu v. Nationstar Mortgage LLC*, No. SA CV 15-0285-DOC (JCGx), 2015 WL 13917998, at *1 (C.D. Cal. Mar. 30, 2015) (granting motion to strike where "Plaintiff's Surreply was filed without leave from the Court in violation of Local Rule 7-10"). And even if Plaintiff had sought leave, the surreply would be improper because it largely rehashes the arguments from Plaintiff's opposition to Defendants' motion to dismiss. *See generally* ECF No. 51. To the extent Plaintiff

raises new claims, they consist of baseless speculation about the supposed significance of Defendant Dennis Liu's residential address, along with meritless arguments about the unconstitutionality of well-established copyright infringement law.[1]  *Id.* ¶¶ 2, 4. District courts have repeatedly granted motions to strike *pro per* plaintiffs' surreplies in opposition to pending motions to dismiss. *See Thomas*, 2017 WL 262062, at *1; *Harris v. Pimentel*, No. 1:13-cv-01354-LJO-MJS (PC), 2015 WL 1146210, at *2 (E.D. Cal. Mar. 13, 2015); *Hill*, 2005 WL 3031136, at *1; *see also Hill*, 2005 WL 3031136, at *1 ("[P]laintiff is warned that his pro per status does not excuse his failure to comply with the Local Rules of Practice and the Federal Rules of Civil Procedure.").  This Court should do the same.

DATED: April 12, 2022        By: */s/ Arwen R. Johnson*
 ARWEN R. JOHNSON (SBN 247583)
  arwen.johnson@kslaw.com
 KELLY PERIGOE (SBN 268872)
  kperigoe@kslaw.com
 KING & SPALDING LLP
 633 West Fifth Street, Suite 1600
 Los Angeles, CA 90071
 Telephone: (213) 443-4355
 Facsimile: (213) 443-4310

 Attorneys for Defendants

---

[1] Plaintiff raises a similar constitutional challenge in his motion for leave to file a notice of constitutional challenge pursuant to 28 U.S.C. § 2403. *See* ECF No. 50 ¶¶ 1–8.  That motion is also procedurally improper and should be denied.  Neither Plaintiff's operative FAC nor the proposed SAC makes any mention of a constitutional challenge to the Copyright Act of 1976, thereby precluding Plaintiff from raising a constitutional challenge here.

4

DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY IN OPPOSITION TO MOTION TO DISMISS