UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|---|---|---|---|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson-Terrell | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (DKT. 38) JS-6

## I.    Introduction

On November 12, 2021, Renzie Wilson Price ("Plaintiff"), who is self-represented, filed an action against Netflix Corporation ("Netflix") in the United States District Court for the Northern District of Alabama. Dkt. 1. On November 29, 2021, Plaintiff filed a First Amended Complaint ("FAC" (Dkt. 11)) that named the following defendants: Netflix; Dennis Liu; Jason Piperberg; Michael B. Jordan; Carol D. Barbee; Charles D. King; Kim Roth; Poppy Hanks; Kenny Goodman; Outlier Society Production Company; and MACRO Media LLC (collectively "Defendants"). Dkt. 11 at 2-4. The FAC alleges claims of copyright infringement, as to a novel that Plaintiff wrote. *Id.* at 5-7.

On January 3, 2022, the district court granted Plaintiff's motion to transfer the case to the Central District of California. Dkt. 22. On January 31, 2022, the case was assigned to this bench officer. Dkt. 26.

On February 14, 2022, Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6). ("Motion" (Dkt. 38)). Defendants also filed a Request for Judicial Notice in Support of Motion to Dismiss. ("RFN" (Dkt. 38-1)).

On March 7, 2022, Plaintiff filed a Motion to Strike with respect to portions of the Motion. ("Plaintiff's First Motion to Strike" (Dkt. 44)). The same day, Plaintiff filed an opposition to the Motion. ("Opposition" (Dkt. 45)).

On March 15, 2022, Plaintiff filed a "Motion to [sic] Leave to File 2nd Amended Complaint for Civil Case." ("Motion for Leave to Amend" (Dkt. 46)).

On March 21, 2022, Defendants filed a Reply in Support of Motion to Dismiss. ("Reply" (Dkt. 47)). Defendants also filed an opposition to Plaintiff's First Motion to Strike. Dkt. 48.

On March 22, 2022, Plaintiff filed a Motion for Appointment of Expert Witness. ("Motion for Expert Witness" (Dkt. 49)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|---|---|---|---|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

On March 28, 2022, Plaintiff filed a "Motion to [sic] Leave to File Notice of Constitutional Challenge Pursuant to 28 U.S.C. Rule 2403." ("Motion to File Constitutional Challenge" (Dkt. 50)).

On March 31, 2022, Plaintiff filed a "Reply in Opposition to Defendants' Motion to Dismiss." ("Surreply" (Dkt. 51)).

On April 5, 2022, Defendants filed an opposition to Plaintiff's Motion for Leave to Amend. ("Opposition to Motion for Leave to Amend" (Dkt. 52)). Defendants also filed an opposition to Plaintiff's Motion for Expert Witness. ("Opposition to Motion for Expert Witness" (Dkt. 53)).

On April 12, 2022, Defendants filed a Motion to Strike Plaintiff's Surreply. ("Defendants' Motion to Strike" (Dkt. 54)).

On May 17, 2022, Defendants filed a Notice of Non-Opposition to Defendants' Motion to Strike. ("Notice of Non-Opposition" (Dkt. 55)).

On May 23, 2022, Plaintiff filed a "Motion to Strike Defendants' Motion of Non-Opposition to Strike Plaintiff's Surreply in Opposition of Defendants' Motion to Dismiss." ("Plaintiff's Second Motion to Strike" (Dkt. 56)).

On June 1, 2022, the Motion was taken under submission. Dkt. 57. For the reasons stated in this Order, the Motion is **GRANTED**, and the action is **DISMISSED** without prejudice. Plaintiff's First Motion to Strike is **DENIED**, and the RFN is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Leave to Amend, the Motion for Expert Witness, the Motion to File Constitutional Challenge, Defendants' Motion to Strike, and Plaintiff's Second Motion to Strike are **MOOT**.

## II.    <u>Background</u>

### A.    Parties

It is alleged that Plaintiff is a citizen of Alabama. FAC at 4. It is alleged that Defendant Piperberg is a citizen of Pennsylvania. *Id.* It is alleged that Defendant Jordan is a citizen of Georgia. *Id.* It is alleged that Defendants Liu, King, Barbee, Roth, Hanks and Goodman are citizens of California. *Id.* at 4-5.

It is alleged that Defendants Netflix, Outlier Society Production Company and MACRO Media LLC is each incorporated under the laws of California and has its principal place of business here. *Id.* at 5.

### B.    Substantive Allegations

It is alleged that, in July 2010, Plaintiff self-published a novel titled "December's Eve – The Novel by Renzie" (the "Novel"). *Id.* at 7. It is alleged that the Novel was published by IUniverse.com, which is established in "New York and Bloomington." *Id.* It is alleged that Plaintiff "registered a copyright, Copyright©2010Renzie" with respect to the Novel. *Id.*

It is alleged that the Novel is "a 224-page, fictional, literary work about a single, black female who is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|----------|-------------------------|------|---------------|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

raising a 6-year-old, black boy who possesses superhuman powers – *Pyrokinesis*." *Id.* It is alleged that the woman, "Ms. Evelynn/Eve," and the child, "Ignis," live in a two-story home in the woods in the fictional town of Double Lakes, Alabama. *Id.* It is alleged that, in the Novel, Eve kidnapped Ignis "at birth during a multiple-birth delivery of triplet boys who also happen to possess superhuman powers – Telekinesis and Telepathy." *Id.* It is alleged that the "triplet boys all also possess the superhuman gift of Levitation, collectively." *Id.* It is alleged that the triplets also have a 12-year-old, female cousin named "Cat." *Id.*

It is alleged that in 2015, Defendants Liu and Piperberg published a comic book titled "Raising Dion" (the "Comic Book"), which has substantial similarities to the Novel. *Id.* at 6. It is alleged that Defendants Liu and Piperberg also wrote and directed a short film, which is also titled "Raising Dion" (the "Short Film"), and that it was released on August 26, 2015. *Id.* It is also alleged that Defendant Liu read the Novel and "copied several elements from it" writing the Comic Book and in preparing the Short Film. *Id.* at 11.

It is further alleged that in 2017, Defendant Liu sold his works to Defendants Jordan, King, Barbee, Roth, Hanks, Green, Outlier Society Production Company and MACRO Media LLC. *Id.* at 10. It is alleged that those "Executive Producers" then contracted with Defendant Netflix to create a series titled "Raising Dion," which first aired in October 2019 (the "TV Series"). *Id.* It is alleged that the TV Series was highly successful and that a second season is scheduled to air "in late 2021 or early 2022." *Id.*

The FAC alleges many similarities between the Novel, on one hand, and the Comic Book, Short Film, and TV Series, on the other. *Id.* at 7-9. For example, it is alleged that the Comic Book focuses on a "single, black mother who is raising a 7-year-old, black boy who possess[es] superhuman powers – *Pyrokinesis, Telekinesis, Telepathy, and Levitation*." *Id.* at 7. It is also alleged that the Comic Book and Short Film include a character, the aunt of the young boy, who is named "Kat." *Id.* at 8. It is alleged that there are many other similar aspects, including a scene involving a birthday party where the young boy receives many gifts, a scene involving a pathway around a lake, scenes involving rural Alabama, scenes involving a lake house, the young boy having golden eyes, a scene involving an old television set and a wood-burning stove in a small living room, and an antagonist with long arms. *Id.* at 8-9.

The FAC alleges that, in light of these similarities, the Comic Book, Short Film and TV Series infringe on the copyright of the Novel.

### III.    Plaintiff's First Motion to Strike[1]

Plaintiff's First Motion to Strike seeks an order striking Defendants' references to a character in the Novel who murdered a judge. Dkt. 44 at 2-3. Pursuant to Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 7(a) provides that a "pleading" includes complaints and answers. Rule 7 also distinguishes "pleadings" from "motions and other papers." Fed. R. Civ. P. 7(a).

Plaintiff's First Motion to Strike concerns statements made in support of Defendants' Motion, rather than a pleading. "Although the Federal Rules provide litigants with a procedure for striking material from

---

[1] It is determined that Plaintiff's First Motion to Strike can be decided without oral argument. L.R. 7.15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|---|---|---|---|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

pleadings, they do not give parties the ability to strike other types of filings from the Court's docket."
*Plasola v. California*, No. LA CV19-05592 JAK (SSx), 2019 WL 8013109, at *4 (C.D. Cal. Oct. 18,
2019) (citing Fed. R. Civ. P. 12(f)). Therefore, Plaintiff's First Motion to Strike is **DENIED**.

## IV.    Request for Judicial Notice

A court may "consider materials—documents attached to the complaint, documents incorporated by
reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a
motion for summary judgment." *Fillmore v. Blumhouse Prods., LLC*, No. 2:16-cv-04348-AB-SS, 2017
WL 4708018, at *2 (C.D. Cal. July 7, 2017) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th
Cir. 2003)). A document may be incorporated by reference in the complaint "if the plaintiff refers
extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d
at 908. "Courts in the Ninth Circuit have applied this legal standard to resolve motions to dismiss
copyright claims, allowing defendants to introduce the copyrighted work and the infringing work that
were not included but referenced in the complaint." *Fillmore*, 2017 WL 4708018, at *2.

Defendants request judicial notice of the following:

- A copy of the novel "December's Eve – the Novel by Renzie";
- A copy of the comic book "Raising Dion";
- Episodes one through nine of the television series "Raising Dion";
- Selected search results from searches of copyright registrations on the U.S. Copyright Office
website;
- A short film entitled "Raising Dion," which is available on YouTube.

Dkt. 38-1 at 4. Plaintiff does not oppose the RFN.

The Novel, the Comic Book, the TV series, and the Short Film, which is available online, are
incorporated by reference in the FAC. The works form the basis of Plaintiff's claim, and their
authenticity is not questioned. Therefore, the contents of the works may be assumed true "for purposes
of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. The RFN is **GRANTED** as to
those works.

Defendants also request that notice be taken of selected search results that appear in Exhibits 4 and 5
of the RFN. *See* Dkt. 38-1 at 4; Dkt. 38-7; Dkt. 38-8. Courts may take judicial notice of "records and
reports of administrative bodies." *Ritchie*, 342 F.3d at 909 (citation omitted). However, Defendants offer
only screenshots of an online search portal that appears on the website of the U.S. Copyright Office. A
declaration signed by counsel for Defendants states that the searches were conducted by colleagues
"on February 9 and 11, 2022." Dkt. 38-2 ¶¶ 5-6. In response, Plaintiff contends that the Novel was
registered with the U.S. Copyright Office on February 9, 2022. Dkt. 45 at 5. Because there is some
dispute as to the precise date the Novel was registered, and because a screen shot of a public record
raises issues of authenticity and completeness, the RFN is **DENIED** as to the selected search results in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|----------|-------------------------|------|---------------|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

Exhibits 4 and 5.[2]

**V.    Analysis**

    A.    Legal Standards

        1.    Motion to Dismiss

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that if established would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

> The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

        2.    Copyright Infringement

To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid

---

[2] For the reasons stated below, the apparent dispute as to the timing of the registration of the copyright does not affect the outcome of the Motion. Plaintiff concedes that the Novel was registered after he filed this action. Dkt. 45 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|----------|-------------------------|------|---------------|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

copyright, and (2) copying of original elements of the work. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). As to the first prong, with certain exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme Court has held that registration of a copyright "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("*Fourth Estate*"). *Fourth Estate* held that, under § 411, "registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." *Id.* at 886.

"The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018), *overruled on other grounds by Led Zeppelin*, 952 F.3d 1051). "Although these requirements are too often referred to in shorthand lingo as the need to prove 'substantial similarity,' they are distinct concepts." *Id.* "In the absence of direct evidence of copying, . . . the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* (quoting *Rentmeester*, 883 F.3d at 1117). When "the similarity is of a type which will preclude any explanation other than that of copying," access can be reasonably inferred. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) (citation omitted).

"On the other hand, the hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Led Zeppelin*, 952 F.3d at 1064 (emphasis in original). Such substantial similarity is evaluated under a two-part test. *Id.* *First*, the "extrinsic test" "compares the objective similarities of specific expressive elements in the two works." *Id.* *Second*, the "intrinsic test," looks for "similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Id.* (quoting *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008)).

      B.    Application

Defendants argue that Plaintiff's claims fail because he had not registered the Novel with the Copyright Office prior to filing the action. Dkt. 38 at 17-18; Dkt. 47 at 14. Plaintiff concedes that the Novel was registered approximately three months after he filed this action. Dkt. 45 at 14. He states that he registered the copyright on February 9, 2022. *Id.*

Pursuant to 17 U.S.C. § 411(a), "a copyright claimant may commence an infringement suit" only after "the Copyright Office registers a copyright." *Fourth Estate*, 139 S. Ct. at 886. Thus, the relevant question is whether a copyright suit, like this one, which was initially filed prior to the registration of the copyright, may proceed by the filing of an amended complaint after the copyright has been registered.

Although the Ninth Circuit has not expressly addressed this question, district courts in California have generally determined that an action filed prior to the registration must be dismissed, and that a new action can be filed. Those district courts have "conclude[d] that 'permitting amendment to cure a claimant's failure to register its copyright before suing would undermine the Supreme Court's decision in *Fourth Estate*.'" *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, No. 2:19-cv-00494-AB

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00627 JAK (PDx) | Date | June 28, 2022 |
|---|---|---|---|
| Title | Renzie Wilson Price v. Netflix Corporation, et al. | | |

(JEMx), 2019 WL 9050859, at *3 (C.D. Cal. Aug. 5, 2019) (quoting *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-06092-NC, 2019 WL 2359228, at * 2 (N.D. Cal. June 4, 2019)) (collecting cases); *see also Kifle v. YouTube LLC*, No. 21-cv-01752-CRB, 2021 WL 1530942, at *6 (N.D. Cal. Apr. 19, 2021) ("The Court agrees with other courts in this district that a plaintiff 'cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending [the plaintiff's] pending complaint.'" (citation omitted)).

The courts have

> reason[ed] that 'accepting the Amended Complaint as though it instituted a new action for purposes of Section 411(a)'—'even though it would save Plaintiff the trouble of re-filing'—'would fly in the face of Section 411(a)'s text, which provides that registration must be complete before a civil action is instituted, 17 U.S.C. § 411(a), and would defeat Congress's purpose to maintain[ ] registration as prerequisite to *suit* not just to liability.'

*Washoutpan.com, LLC*, 2019 WL 9050859, at *3 (internal quotation marks omitted) (quoting *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *3 (S.D.N.Y. Apr. 2, 2019)).

The reasoning of those district courts is persuasive. Furthermore, Plaintiff does not argue that any of the exceptions to § 411(a) applies. Therefore, the present action must be dismissed pursuant to § 411(a) because it was filed prior to the registration of Plaintiff's copyright. *See Washoutpan.com, LLC*, 2019 WL 9050859, at *3; *Fourth Estate*, 139 S. Ct. at 886. Because there is no further jurisdiction as to the issues raised in the other, related motions, they are **MOOT**.

## VI.    <u>Conclusion</u>

For the foregoing reasons, the Motion is **GRANTED,** and the action is **DISMISSED** without prejudice, i.e., with leave to file a new action. Plaintiff's First Motion to Strike is **DENIED**, and the RFN is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Leave to Amend, the Motion for Expert Witness, the Motion to File Constitutional Challenge, Defendants' Motion to Strike, and Plaintiff's Second Motion to Strike are **MOOT**.

**IT IS SO ORDERED.**

_____  :  _____

| | |
|---|---|
| Initials of Preparer | TJ |